## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

BILL LIETZKE
                  *

547 SOUTH PERRY STREET

APARTMENT 10
                  *

MONTGOMERY, ALABAMA   36104
*(Full name and address of the plaintiff)*
    **Plaintiff(s)**        *

    vs.

BOBBY BRIGHT           ART BAYLOR

103 NORTH PERRY STREET    320 NORTH RIPLEY STREET

MONTGOMERY, ALABAMA    MONTGOMERY, ALABAMA

*(Full name and address of the defendant(s))*
    **Defendant(s)**        ********

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2007 APR -5  A 10: 05

BY _____ DEPUTY

Civil No.: WDQ 07 CV 0 872
*(Leave blank. To be filled in by Court.)*

2:07-CV-324-WHA

## COMPLAINT

1.    Jurisdiction in this case is based on:

    ❑    Diversity (none of the defendants are residents of the state where plaintiff is a resident)

    ☒    Federal question (suit is based upon a federal statute or provision of the United States Constitution)

    ❑    Other (explain) _____

_____

_____

_____

2.    The facts of this case are: 1.   On October 23, 2005, by and through its agent police officers, City of Montgomery Defendants procured the false imprisonment of the Plaintiff Bill Lietzke on the false charge that the Plaintiff was flagging down cars, walking in the middle of the street, trying to get cars to stop, etc.

2.   All allegations as such City of Montgomery Defendants supplied to the Montgomery Municipal Court were catergorically denied by the Plaintiff, and the Plaintiff entered the plea of NOT GUILTY.

3.   Said actions by City of montgomery Defendants are indicutive of another case of false imprisonment where the Plaintiff was faslely arrested on another public street by City of Montgomery Defendants on May 10, 1999 and charged with flagging down cars and try to get cars to stop.   The Plaintiff also pleaded NOT GUILTY in that case.

4.   City of Montgomery Defendants confined the Plaintiff intentionally without lawful privilege and against the Plaintiff's consent within a limited area for any appreciable time.

5.   City of Montgomery Defendants took, held, detained, and arrested the Plaintiff and carried the Plaintiff into another part of the same county and are therefore guilty of first degree kidnapping.

6.   City of Montgomery Defendants, with the intent to harass, struck, shoved, kicked, or otherwise touched the Plaintiff and subjected the Plaintiff to RECORD NUMBER unlawful searches and seizures and RECORD NUMBER unlawful physical contacts.

7. City of Montgomery Defendants detained the Plaintiff unlawfully and intentionally and without authority of law.

8. City of Montgomery Defendants are therefore of first degree kidnapping if the Plaintiff was intentionally and unlawfully confined.

9. On July 13, 2004, by and through its agent police officers, City of montgomery Defendants backed up in white Ford moments after passing the Plaintiff, jumped out of the Taurus and pointed loaded pistols directly at the Plaintiff for absolutely nothing in front of 547 South Perry Street. City of Montgomery Defendants continued to taunt, bully, and terrorize the Plaintiff screaming, "Get on your knees, put your hands behind your head, I'll shoot you." City of Montgomery Defendants proceeded to 547 South Perry Street to the Plaintiff's driveway and encountered the Plaintiff's neighborhood upstairs on the third floor. City of Montgomery stated, "Is he alright? "Does he live here?"

10. On January 18, 2005, by and through its agent police officers, City of Montgomery Defendants circled the 500 block in the proximity of 547 South Perry Street, Apt. 10 moments after passing the Plaintiff, returned to 547 South Perry Street, jumped out of the patrol car, crossed South Perry Street following and stalking the Plaintiff, and pointed another dangerous weapon at the Plaintiff.

11. On January 8, 2007, by and through its agent police officers, City of Montgomery Defendants broke into the Plaintiff's living room door and entered the Plaintiff's residence of 547 South Perry Street, Apt. 10 and pointed pistols again at the Plaintiff and shined their flashlights inside the Plaintiff's residence at 3:10a.m. past midnight without probable cause therefore.

12.  For absolutely no reason, City of Montgomery Defendants continued to taunt, bully, and terrorize the Plaintiff screaming, "Let me see your hands, Let me see your hands."  "Get down on the floor, get down on the floor."  City of Montgomery Defendants grabbed the Plaintiff inside his bedroom and forced the Plaintiff's head to hit the floor of the Plaintiff's bedroom.

13.  City of Montgomery Defendants knowingly touched the Plaintiff with the intent to injure, insult, and provoke the Plaintiff, and assaulted the Plaintiff by knowingly, intentionally, and recklessly causing physical injury to the Plaintiff.

14.  City of Montgomery Defendants, by physical action, intentionally placed the Plaintiff in fear of imminent serious physical injury pointing loaded pistols at the Plaintiff.

15.  On December 13, 2006, by and through its agent police officers, sped through the Plaintiff's neighborhood of law firms and mortgage companies in at least seven patrol cars and parked in front of 547 South Perry Street, San Souci Apartments, and 529 South Perry Street, office spaces and leasing properties of the Plaintiff's landlord, The Stowers Management, 1631 East Fairview Avenue.

16.  The Plaintiff entered the law firm of Shinbaum, Abell, Mcleod, and Vann, P. C., 566 South Perry Street across the street from 547 South Perry Street and informed the secretaries of Shinbaum, Abell, Mcleod, and Vann, P. C. that City of Montgomery Defendants are crossing South Perry Street following and stalking the Plaintiff and are now entering these law offices following and stalking the Plaintiff.  One of the secretaries known as April witnessed City of Montgomery Defendants enter Shinbaum, Abell, Mcleod, and Vann, P. C. grabbing the Plaintiff by the shoulders and arms and dragging the Plaintiff out of Shinbaum, Abell, Mcleod, Vann, P. C. to their patrol cars parked in front of 547 South Perry Street and 529 South Perry St.

City of Montgomery Defendants continued to taunt, bully, and terrorize the Plaintiff placing handcuffs on the Plaintiff's wrists that injured the Plaintiff and forcing the Plaintiff's head to hit the trunk of their patrol car. City of Montgomery Defendants placed the Plaintiff inside their car and moments later ordered the Plaintiff to get out of the car. City of Montgomery Defendants then removed the handcuffs and stated "There is no charge." "Go on, go on."

17. On January 19, 2007, by and through its agent police officers, City of Montgomery Defendants approached the 500 block of South Perry Street ½ block from 547 South Perry Street and harassed the Plaintiff from the window of the patrol car. City of Montgomery Defendants beckoned the Plaintiff by hand. When the Plaintiff refused, City of Montgomery Defendants then followed and stalked the Plaintiff, grabbed the Plaintiff by the arm, and pulled the Plaintiff to his patrol car. City of Montgomery Defendants handcuffed the Plaintiff for nothing, searched the Plaintiff for nothing, and forced the Plaintiff to lean against his patrol car for nothing. Shortly thereafter, City of Montgomery Defendants removed the handcuffs and released the Plaintiff.

18. On March 4, 2007, by and through its agent police officers, City of Montgomery Defendants approached the 300 block of South Perry Street and harassed the Plaintiff from the window of the patrol car. When the Plaintiff remained silent, City of Montgomery Defendants jumped out of the car, parked in front of First Baptist Church, 305 South Perry Street, and unlawfully detained the Plaintiff. City of Montgomery Defendants stated, "You got somewhere to go?" "You can't be hanging around the church if you ain't going in the church."

3.    The relief I want the court to order is:   Stephanie Mohr TAKEN OUT OF the
West Virginia prisons, and the City of Montgomery Defendants THROWN INTO
the West Virginia prisons.

☐  Damages in the amount of: ___$2,000,000,000.00___

☒  An injunction ordering: Intersections of Grove Street Street at
South Court Street and Grove Street at South McDonough are shut down
for good, blocked off, and closed out permanently, indefinitely, and
IMMEDIATELY to the general public expelling Alabama City of Montgomery
agent police officers and expelling African american Negroes who are
not supposed to be in this area at all, and who have absolutely no
business at all in this district.

The Plaintiff wants the Court to order City of Montgomery police
officers are trespassing San Souci Apartments, 547 South Perry Street.
City of Montgomery police officers are trespassing 529 South Perry St.,
private property of the Plaintiff's landlord, The Stowers Management,
1631 East Fairview Avenue.

_____
(original signature of plaintiff)

547 SOUTH PERRY STREET
_____

APARTMENT  10
_____

MONTGOMERY, ALABAMA  36104
_____
(address of plaintiff)

Stephanie Mohr, a former Prince George County police
officer, was sentenced by the federal court to serve 10
years in an Alderson, West Virginia prison.  Stephanie
Mohr released her police dog named Valk on Ricardo Mendez,
who is a minority from San Salvador, on or about September
21, 1995.  The United States Justice Department, Civil
Rights Division, prosecuted Stephanie Mohr five later in
2000, with the assistance from civil right organizations,
and convicted Stephanie Mohr of police brutality.  But the
civil rights violations, constitutional deprivations, and
the menacing practices of these City of Montgomery
Defendants from the State of Alabama, and the multiple
incidents of City of Montgomery harassments outlined in
this federal case against City of Montgomery Defendants
Bobby Bright and Art Baylor make STEPHANIE MOHR look like
a SUNDAY SCHOOL TEACHER.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

BILL LIETZKE,                          *

                PLAINTIFF,   *

                                *

v.                                     *      2:07-CV-324-WHA

                                *

                                *

CITY OF MONTGOMERY, ET AL,             *      FIRST DEGREE CRIMINAL TRESPASSING
BOBBY BRIGHT, ART BAYLOR,                     CONSTITUTIONAL DEPRIVATIONS
State of Alabama police                *      CIVIL RIGHTS VIOLATIONS
officers employed by the                      COMMON LAW NEGLIGENCE
Alabama City of Montgomery             *      HARASSMENT
who are responsible for
all incidents stated in the            *
Plaintiff's Complaint, all
others whose true names                *
and legal descriptions are
unknown to the Plaintiff,              *

             DEFENDANTS.   *

    1.  Jurisdiction founded on the existence of a federal question and amount in controversy.

    2.  The action arises out of the Constitution of the United States, Article III, Section II, as hereinafter more fully appears.

3.    The relief I want the court to order is:

☐    Damages in the amount of: _____ $2,000,000,000.00

☐    An injunction ordering: City of Montgomery Defendants are trespassing the Plaintiff's residential structure, 547 South Perry Street, San Souci Apartment. Montgomery police officers keep off premises of 547 South Perry Street. City of Montgomery Defendants are trespassing 529 South Perry Street, private property of the Plaintiff's landlord, The Stowers Company.

☐    Other (explain)

Grove Street at South Court Street and Grove Street at South MCDonough Street intersections are shut down and closed out permanently.



*(original signature of plaintiff)*

_____

_____

*(address of plaintiff)*

Stephanie Mohr, a former Prince George County police officer, was sentenced by the federal court to serve 10 years in an Alderson, West Virginia prison. Stephanie Mohr released her police dog named Valk on Ricardo Mendez, who is a minority from San Salvador, on or about September 21, 1995. The United States Justice Department, Civil Rights Division, prosecuted Stephanie Mohr five years later in 2000, with the assistance from civil rights organizations, and convicted Stephanie Mohr of police brutality. But the civil right violations, constitutional deprivations, and the menacing practices of these City of Montgomery Defendants from the State of Alabama, and the multiple incidents of City of Montgomery harassments outlined in this federal case against City of Montgomery Defendants Bobby Bright and Art Baylor make STEPHANIE MOHR look like a SUNDAY SCHOOL TEACHER.