# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

BILL LIETZKE

547 SOUTH PREEY STREET

APARTMENT 10

MONTGOMERY, ALABAMA 36104

(Full name and address of the plaintiff)

**Plaintiff(s)**

vs.

BOBBY BRIGHT

103 NORTH PERRY STREET

MONTGOMERY, ALABAMA

ART BAYLOR

320 NORTH RIPLEY STREET

MONTGOMERY, ALABAMA

(Full name and address of the defendant(s))

**Defendant(s)**

\*

\*

\*

\*

\*

********

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2007 APR 17  A 10:23

Civil No.: WDQ-07-872
(Leave blank. To be filled in by Court.)

## COMPLAINT

1. Jurisdiction in this case is based on:

   ☐ Diversity (none of the defendants are residents of the state where plaintiff is a resident)

   ☒ Federal question (suit is based upon a federal statute or provision of the United States Constitution)

   ☐ Other (explain) _____

U.S. District Court (Rev. 12/2000)

1

1. On October 23, 2005, by and through its agent police officers, City of Montgomery Defendants procured the false imprisonment of the Plaintiff Bill Lietzke on the false charge that the Plaintiff was flagging down cars, walking in the middle street, trying to get cars to stop, etc.

2. All allegations as such City of Montgomery Defendants supplied to the Montgomery Municipal Court were catergorically denied by the Plaintiff, and the Plaintiff entered the plea of NOT GUILTY.

3. Said actions by City of Montgomery Defendants are indicative of another case of false imprisonment where the Plaintiff was falsely arrested on another public street by City of Montgomery Defendants on May 10, 1999 and charged with flagging down cars and trying to get cars to stop. The Plaintiff also pleaded NOT GUILTY in that case.

4. On October 26, 2005, the Plaintiff was discharged from the Montgomery City Jail, 320 North Ripley Street.

5. On January 18, 2005, by and through its agent police officers, City of Montgomery Defendants approached the 500 block of South Perry Street from Grove Street, circled the 500 block of South Perry Street moments after passing the Plaintiff, returned to the 500 block of South Perry Street, stopped in front of 547 South Perry Street in front of the Plaintiff and jumped out of the car. When the Plaintiff crossed South Perry Street, City of Montgomery Defendants crossed South Perry Street following and stalking the Plaintiff. City of Montgomery Defendants pointed another dangerous at the Plaintiff, forced the Plaintiff to halt, and engaged in a flurry of unnecessary interrogatories. City of Montgomery Defendants released the Plaintiff and alleged, "We're not going to charge you with anything."

6. On July 13, 2004, by and through its agent police officers, City of Montgomery Defendants backed up in a white Ford Taurus moments after passing the Plaintiff, jumped out of the Taurus and pointed

2. The facts of this case are:

their loaded pistols at the Plaintiff for absolutely nothing in front of 547 South Perry Street. City of Montgomery Defendants continued to taunt, bully, and terrorize the Plaintiff exclaiming, "Get on your knees, get on your knees." "Put your hands behind your head, put your hands behind your head." "I'll shoot you." City of Montgomery Defendants proceeded to 547 South Perry Street to the Plaintiff's driveway and encountered the Plaintiff's neighbor upstairs on the third floor. City of Montgomery Defendants alleged to the neighbor, "Is he alright?" "Does he live here?"

7. On March 4, 2007, by and through its agent police officers, City of Montgomery Defendants approached the 300 block of South Perry Street and harassed the Plaintiff from the window of the patrol car. When the Plaintiff remain silent, City of Montgomery Defendants parked in front of First Baptist Church, 305 South Perry Street, jumped out of the car, and unlawfully detained the Plaintiff. City of Montgomery Defendants alleged, "You got somewhere to go?" "You can't be hanging around the church if you ain't going in the church.

8. On January 19, 2007, by and through its agent police officers, City of Montgomery Defendants approached the 500 block of South Perry Street from Grove Street, jumped out of the car ½ block from 547 South Perry Street and beckoned the Plaintiff by hand. When the Plaintiff refused, City of Montgomery Defendants followed and stalked the

U.S. District Court (Rev. 12/2000)   2

Plaintiff, grabbed the Plaintiff by the arm, and pulled the Plaintiff

to his patrol car. City of Montgomery Defendants handcuffed the Plaintiff for nothing, searched the Plaintiff for nothing, and forced the Plaintiff to lean against his patrol car for nothing. Shortly thereafter, City of Montgomery Defendants removed the handcuffs, released the Plaintiff, and alleged, "You're free to go." One court reporter from Shinbaum, Abell, McLeod, and Vann, P. C. known as Patricia witnessed this incident. One Regions Mortgage, Inc. employee known as Sharon witnessed this incident.

    9. On January 8, 2007, by and through its agent police officers, City of Montgomery Defendants broke into the Plaintiff's living door, entered the Plaintiff's residence, 547 South Perry Street, Apt. 10 and pointed their loaded pistols at the Plaintiff and shined their flashlights at the Plaintiff inside the Plaintiff's house at 3:10a.m. in the morning without probable cause therefor. For absolutely no reason, City of Montgomery Defendants continued to taunt, bully, and terrorize the Plaintiff exclaiming, "Let me see your hands, let me see your hands," "Get down on the floor, get down on the floor." City of Montgomery Defendants grabbed the Plaintiff inside his bedroom and forced the Plaintiff's head to hit the floor of the Plaintiff's bedroom. City of Montgomery Defendants handcuffed the Plaintiff inside his bedroom while the Plaintiff was forced to lie face down on the Plaintiff's bedroom floor. City of Montgomery Defendants proceeded to order the Plaintiff to state his name, already knowing the Plaintiff's name. City of Montgomery Defendants stated that if the Plaintiff didn't tell them his name City of Montgomery Defendants were going to take the Plaintiff to jail. At this time, another Defendant entered the Plaintiff's house. "Sargeant Bruce" alleged that these Defendants were going to release the Plaintiff. Shortly thereafter, City of Montgomery Defendants removed the handcuffs, release the Plaintiff, and left the Plaintiff's house.

3. The relief I want the court to order is:

 ❏ Damages in the amount of: _____

 ❏ An injunction ordering: _____

  _____

 ❏ Other (explain) _____

  _____


_____
*(original signature of plaintiff)*

_____

_____
*(address of plaintiff)*

10. On December 13, 2006, by and through its agent police officers, City of Montgomery Defendants sped through the Plaintiff's neighborhood of law firms and mortgage companies in at least seven patrol cars and parked in front of San Souci Apartments, 547 South Perry Street and parked at 529 South Perry Street, office spaces and leasing properties of The Stovers Management, the Plaintiff's landlord. The Plaintiff entered the law firm of Shinbaum, Abell, McLeod, and Vann, P. C., 566 South Perry Street across the street from 547 South Perry Street and informed the secretaries of Shinbaum, Abell, McLeod, and Vann, P. C. that City of Montgomery Defendants are crossing South Perry Street following and stalking the Plaintiff and are now entering these law offices following and stalking the Plaintiff. One of the secretaries known as April witnessed City of Montgomery Defendants enter Shinbaum, Abell, McLeod, and Vann, P. C. grabbing the Plaintiff by the shoulders and arms, handcuffing the Plaintiff and dragging the Plaintiff out of Shinbaum, Abell, McLeod, and Vann, P. C. to their patrol cars parked in front of 547 South Perry Street. City of Montgomery Defendants continued to taunt, bully, and terrorize the Plaintiff placing handcuffs on the Plaintiff's wrists that injuried the Plaintiff and forcing the Plaintiff's head to hit the trunk of their car. A suspicious black male parked at 529 South Perry Street left this scene. City of Montgomery Defendants placed the Plaintiff inside their car and moments later ordered the Plaintiff to get out of the car. City of Montgomery Defendants removed the handcuffs, released the Plaintiff, and alleged, "There is no charge." "Go on, go on."

11. The Plaintiff avers that City of Montgomery Defendants struck, shoved, kicked, or otherwise touched the Plaintiff and subjected the Plaintiff to RECORD NUMBER unlawful physical contacts and RECORD NUMBER unlawful searches and seizures;

2. The facts of this case are: 12. The Plaintiff avers that City of Montgomery Defendants knowingly touched the Plaintiff with the intent to injure, insult, and provoke the Plaintiff.

13. The Plaintiff avers that City of Montgomery Defendants by physical action intentionally placed the Plaintiff in fear of imminent serious physical injury pointing loaded pistols at the Plaintiff.

14. The Plaintiff avers that City of Montgomery Defendants entered the Plaintiff's residential structure, 547 South Perry Street, Apt. 10 and remained unlawfully therein.

15. The Plaintiff avers that City of Montgomery Defendants unlawfully entered and remained in the Plaintiff's residential yard, looking into the Plaintiff's residential structure thereon in complete reckless disregard of the Plaintiff's right of privacy.

16. The Plaintiff avers that City of Montgomery Defendants violated the Plaintiff's constitutional rights by subjecting the Plaintiff to harassments and unlawful detentions.

17. The Plaintiff avers that City of Montgomery Defendants have repeatedly violated the Plaintiff's right to freedom of speech and freedom of assembly, in violation of the Plaintiff's First Amendment rights of the United States Constitution.

18. The Plaintiff avers that City of Montgomery Defendants have repeatedly violated the Plaintiff's right against RECORD NUMBER unlawful searches and seizures, in violation of the Plaintiff's Fourth Amendment rights of the United States Constitution.

19. The Plaintiff avers that City of Montgomery Defendants negligently failed to provide the skill and care required of its agents under Section 1-47-190, Alabama Code 1975, failed to protect and serve the Plaintiff, and failed again to prevent the injuries received by the Plaintiff as described above, either directly by the officers in their failure to protect the Plaintiff, or indirectly when considering the officers were acting under the scope and control to the City of Montgomery's police department in a respondeat superior capacity.

20. The Plaintiff avers that City of Montgomery Defendants had a duty to provide the requisite skill and care required by Alabama law, and a duty to protect and serve the Plaintiff through their officers of the law in facilitating the safety of the general public. City of Montgomery Defendants breached that duty to protect and serve the Plaintiff with the requisite skill and care levels over and over, and over again.

21. The Plaintiff further avers that the final decision makers namely, Mayor Bobby Bright and police chief Art Baylor, have permitted a custom and policy of harassment against the Plaintiff and other similarly situated in violation of Title 42 U. S. C. Section 1983.

3.  The relief I want the court to order is: Stephanie Mohr TAKEN OUT OF the West Virginia prisons, and City of Montgomery Defendants THROWN INTO the West Virginia prisons.

☐ Damages in the amount of: $2,000,000,000.00

☐ An injunction ordering: Intersections of Grove Street at South Court Street and Grove Street at South McDonough Street are shut down for good, blocked off, and closed out permanently, indefinitely, and IMMEDIATELY to the general public expelling Alabama City of Montgomery agent police officers and expelling African american Negroes who are Other (explain) not supposed to be in this area at all, and who have absolutely no business at all in this district.

The Plaintiff wants the Court to order City of Montgomery police officers are trespassing San Souci Apartments, 547 South Perry Street and City of Montgomery police officers are trespassing 529 South Perry Street, private property of the Plaintiff's landlord, The Stowers Management, 1631 East Fairview Avenue.

_____
(original signature of plaintiff)

547 SOUTH PERRY STREET
_____

APARTMENT 10
_____

MONTGOMERY, ALABAMA  36104
_____
(address of plaintiff)

Stephanie Mohr, a former Prince George County police officer, was sentenced by the federal court to serve 10 years in an Alderson, West Virginia prison. Stephanie Mohr released her police dog named Valk on Ricardo Mendez, who is a minority from San Salvador, on or about September 21, 1995. The United States Justice Department, Civil Rights Division, prosecuted Stephanie Mohr five years later in 2000, with the assistance from civil rights organizations, and convicted Stephanie Mohr of police brutality. But the civil rights violations, constitutional deprivations, and the menacing practices of these City of Montgomery Defendants from the State of Alabama, and the multiple incidents of City of Montgomery harassments outlined in federal case against City of Montgomery Defendants Bobby Bright and Art Baylor make **STEPHANIE MOHR** look like a **SUNDAY SCHOOL TEACHER**.

4. Intersections of Grove Street at South Court Street and Grove Street at South McDonough Street that leads to Regions Mortgage, Inc., 605 South Perry Street, Jim Inscoe Agency Real Estate, 572 South Perry Street, Regions Mortgage, Inc., 555 South Perry Street, Shinbaum, Abell, McCleod, and Vann, P. C., 566 South Perry Street, Holloway and Moxley, LLC, Attorneys at Law, 556 South Perry Street, San Souci Apartments, 547 South Perry Street, Joseph G. Stewart, P. C., 559 South Lawrence Street, James and Pittman, P. C., Attorneys at Law, 611 South Lawrence, Yvette Smiley Smith, CPA, 575 South Lawrence Street are PERMANENTLY, INDEFINITELY, and IMMEDIATELY shut down, blocked off, and closed out to the general public <u>expelling City of Montgomery police officers and expelling African american black folks who are not supposed to be in the area at all and who have absolutely no business at all in this neighborhood</u>, all City of Montgomery signs in this area dismantled IMMEDIATELY, reconstruction and resurfacing works in this area of Regions Mortgage, Inc. put into effect IMMEDIATELY, large dividing walls and large fences constructed and set up in this area at both of these intersections with "NO TRESPASSING," "PRIVATE PROPERTY," and "KEEP OUT" signs affixed thereto IMMEDIATELY, another large dividing wall and large fence constructed and set up in this area, additional lighting fixtures installed in this area of Regions Mortgage, Inc. IMMEDIATELY, and "NO TRESPASSING," "PRIVATE PROPERTY," "NO PARKING," "MINIMUM FINE 20, 000 .00" signs installed in this area of Regions Mortgage, Inc. IMMEDIATELY.

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2007 APR 17  A 10 23

CLERK'S OFFICE
AT BALTIMORE
BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BILL LIETZKE, | * | |
| PLAINTIFF, | * | |
| | * | |
| V. | * | |
| | * | |
| | * | |
| CITY OF MONTGOMERY, ET AL, | * | FIRST DEGREE CRIMINAL TRESPASSING |
| BOBBY BRIGHT, ART BAYLOR, | | CONSTITUTIONAL DEPRIVATIONS |
| State of Alabama police | * | CIVIL RIGHTS VIOLATIONS |
| officers employed by the | | COMMON LAW NEGLIGENCE |
| Alabama City of Montgomery | * | HARASSMENT |
| who are responsible for | | |
| all incidents stated in the | * | |
| Plaintiff's Complaint, all | | |
| others whose true names | * | |
| and legal descriptions are | | |
| unknown to the Plaintiff, | * | |
| DEFENDANTS. | * | |

1. Jurisdiction founded on the existence of a federal question and amount in controversy.

2. The action arises out of the Constitution of the United States, Article III, Section II, as hereinafter more fully appears.

# CIVIL COVER SHEET

JS 44 (Rev. 11/04)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**FILED DISTRICT OF MARYLAND 2007 APR 17 A 10 23**

## I. (a) PLAINTIFFS
Billie LIETZKE

(b) County of Residence of First Listed Plaintiff: MONTGOMERY
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)
547 SOUTH PERRY STREET, APT. 10
1 (334) 834-8602

## DEFENDANTS
CITY OF MONTGOMERY, et al.,
BOBBY BRIGHT, ART BAYLOR

County of Residence of First Listed Defendant: 
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | LABOR | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | ☒ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS / PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / Habeas Corpus: | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | | | ☐ 950 Constitutionality of State Statutes |
| | ☒ 440 Other Civil Rights / ☐ 550 Civil Rights | | | |
| | / ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☐ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 1,000,000,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):  JUDGE _____  DOCKET NUMBER _____

DATE: 29TH DAY OF MARCH, 2007
SIGNATURE OF ATTORNEY OF RECORD: /s/ Lietzke

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BILL LIETZKE

Plaintiff

vs.

Civil Action No. _____

CITY OF MONTGOMERY, ET AL,
BOBBY BRIGHT, ART BAYLOR

Defendant

\*\*\*\*\*\*

## MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

Plaintiff hereby requests leave, pursuant to 28 U.S.C. §1915, to proceed "*in forma pauperis*" (without prepayment of costs). In support of this motion, plaintiff attaches an affidavit.

_____
Signature

BILL LIETZKE
Name (Print or Type)

547 SOUTH PERRY STREET, APT. 10
Address

MONTGOMERY, ALABAMA 36104
City/State/Zip

1 (334) 834-8602
Phone No.                                        Fax No.

U.S. District Court (3/29/2005)
Motion for Leave to Proceed "In Forma Pauperis"

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2007 APR 17  A 10: 23

BILL LIETZKE

Plaintiff

vs.

CITY OF MONTGOMERY, ET AL,
BOBBY BRIGHT, ART BAYLOR

Defendant

Civil Action No. _____

\*\*\*\*\*\*

## AFFIDAVIT IN SUPPORT OF MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

I, _____BILL LIETZKE_____, declare that I am the plaintiff in the above-entitled case. I understand that the filing fee for most civil suits is $250.00. In support of my motion to proceed without being required to prepay the filing fee and other costs, I state that: (1) because of my poverty I am unable to pay such fee and costs, or give security therefor; and (2) I believe I am entitled to relief in this proceeding. The nature of my complaint is briefly stated as follows (employment discrimination, Social Security, civil rights, or other):  In this civil rights case, the Defendants conducted acts of RECORD NUMBER unlawful searches and seizures in which the Defendants knew were excessive

In further support of this motion, I answer the following questions:

1. Are you presently employed?

   ☐ Yes  ☒ No

   a. If the answer is "yes," state the amount of your salary or wages per month, and give the name and address of your employer. List both gross and net (take-home) pay.

   Employer: _____    Monthly Gross: $_____

   _____    Monthly Net: $_____

U.S. District Court (3/29/2005) -
Motion for Leave to Proceed "In Forma Pauperis"

b. If the answer is "no," state the date of last employment, the name and address of your employer, and the amount of salary or wages per month you received.

Date: _____MAY, 1984_____

Employer: _____THE LERNER SHOPS_____   Monthly Gross: $__2.99__

_____   Monthly Net: $_____

2. Have you received within the past 12 months any income from: (1) settlements, judgments, or monetary awards following compensation, or disability payments; (2) Social Security, public assistance, workers' compensation, or disability payments; (3) a business, profession or other form of self-employment; (4) rent payments, interest, or dividends; (5) retirement, annuity, pension or insurance payments; (6) gifts or inheritances; or (7) any other sources?

☒ Yes   ☐ No

Received:          Source:

$ __648.00__       __SUPPLEMENTAL SECURITY INCOME, SOCIAL SECURITY__

$ _____       _____

$ _____       _____

$ _____       _____

Do you expect this income to continue: ☒ Yes   ☐ No

3. Do you have any cash on hand, or money in savings or checking accounts? ☒ Yes ☐ No

   If yes, state total amount: $ __10.00__

4. Do you own or have any interest in any real estate, stocks, bonds, notes, automobiles, or other valuable property (excluding ordinary household furnishings and clothing)? ☐ Yes ☒ No

   If yes, give value and description:

   Value:             Description:

   $ _____       _____

   $ _____       _____

   $ _____       _____

   $ _____       _____

5. List creditors, including banks, mortgage companies, charge accounts, etc.:

| Creditors: | Total Debt: | Monthly Payment: |
|---|---|---|
| _____ | $_____ | $_____ |
| _____ | $_____ | $_____ |
| _____ | $_____ | $_____ |
| _____ | $_____ | $_____ |

6. List any major monthly expenditures not included in your answer to No. 5, such as food, insurance, utilities, rent, child support, alimony, etc.:

| Description: | Monthly Payment: |
|---|---|
| RENT PAYMENTS | $ 260.00 |
| FOOD | $ 100.00 |
| UTILITIES | $ 67.00 |
| TELEPHONE | $ 30.00 |

7. Marital Status: ☒ Single  ☐ Married  ☐ Widowed  ☐ Separate/Divorced

List Persons you actually support and your relationship to them:

| Name: | Relationship: |
|---|---|
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

8. If married, is your spouse employed? ☐ Yes  ☐ No

If yes, how much does your spouse earn per month: Gross: $_____ Net: $_____

9. If you are a minor under age 18, what is your parents' or guardian's approximate monthly income?

Gross: $_____ Net: $_____

I understand the Court will not consider my Motion unless all the questions are answered.

I declare under penalty of perjury that the information above is true and correct.

29TH DAY OF MARCH, 2007                    [signature]
Date                                        Signature

U.S. District Court (3/29/2005) -
Motion for Leave to Proceed "In Forma Pauperis"           3