IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BILL LIETZKE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | |
| v. ) | |
| ) | CIVIL ACTION NO. 2:07CV324-WHA |
| BOBBY BRIGHT, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is before the undersigned Magistrate Judge upon Plaintiff's filing of a "Complaint" and an "Amended Complaint." Doc. #1, #9. For the reasons that follow, the undersigned Magistrate Judge RECOMMENDS that the action be DISMISSED.

**I.   BACKGROUND**

Plaintiff Bill Lietzke ("Lietzke"), *pro se*, commenced this action on April 5, 2007, naming the City of Montgomery, Bobby Bright (Bright), Mayor of the City of Montgomery, Art Baylor (Baylor), Chief of Montgomery Police Department, and all police officers employed by the City of Montgomery " who [we]re responsible for all incidents stated [below]" (police officers) as Defendants. Am. Compl. (Doc. #9) at unnumbered page 11.[1] Plaintiff' s Complaint, as amended, alleges that Defendants

---

[1] Plaintiff's Complaint, as amended, repeatedly and consistently refers to Chief Baylor, Mayor Bright and the police officers as "City of Montgomery Defendants," which implies that Plaintiff brought this suit against them in their official capacities. E.g., Am. Compl. (Doc. #9) at unnumbered pages 2-3. In describing his claims, he also comments that "the officers were acting

violated his constitutional rights by subjecting him to harassment, unlawful searches and seizures, unlawful arrests, and unlawful detentions, committed a number of state law torts, including assault, battery, false imprisonment, negligence, and potentially intentional infliction of emotional distress, as well as " first degree criminal trespassing." Am. Compl. (Doc. #9) at ¶ ¶ 1-20, unnumbered page 11. Lietzke also claims that Defendants have violated his right to freedom of speech and freedom of assembly. Id. at ¶ 17. Lietzke does not assert any of these particular claims against any one Defendant, but instead, generally alleges all claims against all Defendants. Am. Compl. (Doc. #9). These claims arise from eight incidents between May 1999 to March

---

under the scope and control to the City of Montgomery's police department in a *respondeat superior* capacity." Id. at ¶ 19. As Lietzke discusses the officers' actions as taking place under the control of the police department, rather than on their own behalf, this statement further implies that Lietzke presents his claims against the individual Defendants in their official capacity. Under the applicable standard of review, the Court will construe the allegations in Plaintiff's favor and assume that Lietzke intended to bring the action against Chief Baylor, Mayor Bright, and the police officers in their official capacities. But see McDermott v. Brevard County Sheriff's Office, 2007 WL 788377 at *3 (M. D. Fla. Mar. 14, 2007) (construing the complaint as naming defendants in their individual capacity because plaintiffs titled their claim as against "Individual Defendants"). The Amended Complaint identifies one of the police officers as Sergeant "Bruco." Am. Compl. (Doc. #9) at unnumbered page 4.

    Plaintiff further names an unidentified number of "John Doe" Defendants in his Complaint. In particular, he names "all others whose true names and legal descriptions are unknown to . . . Plaintiff." Am. Compl. (Doc. #9) at unnumbered page 11. Plaintiff does not set forth any facts involving these Defendants with one exception. Plaintiff indicated that "A suspicious looking black male parked at 529 South Perry Street, Montgomery, Alabama, left th[e] scene" of an incident occurring on December 13, 2006. Plaintiff fails to indicate whether the individual was in any way an active participant in the incident or a police officer. Because Plaintiff fails to set forth any claims against these unidentified Defendants as required under Federal Rule of Civil Procedure 8(a), the undersigned recommends that the action against these John Doe Defendants be dismissed.

2007.²

 Specifically, on October 23, 2005, Lietzke claims that while he was "flagging down cars, walking in the middle street (sic), [and] trying to get cars to stop," Montgomery police officers falsely imprisoned him. Am. Compl. (Doc. #9) at ¶ 1. Lietzke further contends that, on December 13, 2006, Defendants sped through Plaintiff's neighborhood, parked their patrol cars in a lot near his apartment, and entered a law office located at 566 Perry Street, Montgomery, Alabama, where Plaintiff was standing. Am. Compl. (Doc. #9) at ¶ 10. The officers, he claims, grabbed Plaintiff by the shoulders and arms, handcuffed and "dragg[ed]" him out of the law office. Id. Once outside, Lietzke claims the officers "continued to taunt, bully, and terrorize" him by slamming his head onto the patrol car and placing him inside the patrol car, but moments later, released him without charge. Id.

 Lietzke contends that, on January 8, 2007, Montgomery police officers broke into and entered his residence at 3:10 a.m. with their pistols pointed at Plaintiff. Id. at ¶ 9. He claims the officers shined their flashlights around his residence and "[f]or absolutely no reason" taunted, bullied, and terrorized Plaintiff in stating: "Let me see your hands, let me see your hands;" "Get down on the floor; get down on the floor." Id. He claims that they grabbed Plaintiff inside his bedroom and forced his head to hit the floor. Id. Lietzke

---

 ²To the extent Lietzke attempts to raise claims challenging events occurring before April 13, 2005, those claims are barred by the statute of limitations. See Dukes v. Smitherman, 32 F.3d 535, 537 (11th Cir. 1994).

alleges that he was handcuffed during the incident and ordered to state his name; he alleges that the police officers stated that if Plaintiff did not state his name, they would take him to jail.  Id.  Sergeant "Bruco" then entered Plaintiff's residence and told the officers to release Plaintiff, which subsequently occurred.  Id.

He also contends that, on January 19, 2007, Montgomery police officers "jumped out the[ir] car" near the 500 block of South Perry Street in Montgomery, Alabama, and "beckoned [ ] Plaintiff by hand."  Am. Comp. (Doc. #9) at ¶ 8.  He claims that the officers "followed and stalked" him, grabbed him by the arm, and pulled him to their patrol car, where the officers handcuffed and searched Lietzke while he was forced to lean against the car.  Id. at ¶ 8.  Lietzke further claims that Montgomery police officers harassed Plaintiff from the window of a patrol car on March 4, 2007.  Am. Comp. (Doc. #9) at ¶ 7.  He claims that the officers "jumped out of the car" and detained Plaintiff outside of a church, asking him whether he had somewhere to go and telling him that he could not "hang[ ] around the church if [he was not] going in[side] the church."  Id.  Based on these incidents, Lietzke seeks monetary and injunctive relief, as well as, an order releasing an individual from the West Virginia prisons and directing the imprisonment of Defendants. Id. at unnumbered page 5.

Because Plaintiff is proceeding *in forma pauperis*, the Court is required under the provisions of 28 U.S.C. § 1915(e)(2)(B) to dismiss a case at any time if it determines that the action or appeal is "(i) frivolous or malicious; (ii) fails to state a claim on which relief

may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to the Plaintiff. Davis v. Monroe County Bd. of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997). The complaint may be dismissed only if it appears beyond doubt that Plaintiff can prove no set of facts that would entitle him to relief. Brown v. Budget Rent-A-Car Systems, Inc., 119 F.3d 922, 923 (11th Cir. 1997). Upon review of Plaintiff's complaint, the Court concludes that Plaintiff has not presented actionable claims and that *sua sponte* dismissal is therefore warranted. See Vanderberg v. Donaldson, 259 F.3d 1321, 1323 (11th Cir. 2001).

## II. DISCUSSION

### A. Criminal Trespassing Claim against All Defendants

In construing the Complaint, as amended, in the light most favorable to Plaintiff, the undersigned finds that Lietzke has set forth general allegations against all Defendants. Doc. #1, p. 3-4. As stated above, Plaintiff set forth a claim of "first degree criminal trespassing" against all Defendants. Am. Compl. (Doc. #9) at unnumbered page 11. This claim is due to be dismissed, as no citizen has an enforceable right to institute a criminal prosecution. Linda R. v. Richard V., 410 U.S. 614, 619 (1973) ("In American

jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); Lopez v. Robinson, 914 F.2d 486, 494 (4th Cir. 1990). Accordingly, the undersigned Magistrate Judge recommends that Plaintiff's "first degree criminal trespassing" claim be dismissed.

      B.    **Claims against the City of Montgomery**

To the extent Lietzke has sued Mayor Bright, Chief Baylor, and the other unidentified police officers in their official capacities, he has essentially sued the City of Montgomery. Shows v. Morgan, 40 F. Supp. 2d 1345, 1361 (M. D. Ala. 1999) (citing Kentucky v. Graham, 473 U.S. 159, 166) (1985) (Official-capacity lawsuits are, "in all respects other than name, . . . treated as a suit against the entity."); see also Pompey v. Broward County, 95 F.3d 1543, 1545-46 n.2 (11th Cir. 1996). The Court finds that Lietzke has failed to state a claim upon which relief can be granted and seeks monetary relief against a defendant that is immune from such relief.

There is no *respondeat superior* liability under § 1983. Griffin v. City of Opa-Locka, 261 F.3d 1295, 1307 (11th Cir. 2001). It is well-settled that to sue a municipality under § 1983, "the plaintiff has the burden to show that a deprivation of constitutional rights occurred as a result of an official government policy or custom." Cooper v. Dillon, 403 F.3d 1208, 1221 (11th Cir. 2005); see also Monell v. Dep't of Social Servs., 436 U.S. 658, 690-91 (1978) (holding that a § 1983 action against a governmental body may be brought where the alleged unconstitutional action "implements or executes a policy

6

statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers" or those "visited pursuant to governmental custom").[3]

A local government body is liable under § 1983 "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." Monell, 436 U.S. at 694. "A policy is a decision that is officially adopted by the municipality, or created by an official of such rank that he or she could be said to be acting on behalf of the municipality. A custom is a practice that is so settled and permanent that it takes on the force of law." Cooper, 403 F.3d at 1221 (quotation and citations omitted). "There are three ways to show a governmental policy or custom: (1) an express policy; (2) a widespread practice that is so permanent and well-settled as to constitute a custom; or (3) the act or decision of a municipal official with final policy-making authority." Hyath v. City of Decatur, 2006 U.S. Dist. LEXIS 21184, at *29-30 (N. D. Ga. Mar. 28, 2006).

"[M]unicipal liability under § 1983 attaches where-and only where-a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." Pembaur v. City of Cincinnati, 475 U.S. 469, 483 (1986); see also

---

[3] A "threshold identification of a custom or policy" should initially be made to ensure that a municipality is "held liable only for those deprivations resulting from the decisions of its duly constituted legislative body or those officials whose acts may fairly be said to be those of the municipality." McDowell v. Brown, 392 F.3d 1283, 1290 (11th Cir. 2004).

Church v. City of Huntsville, 30 F.3d 1332, 1342 (11th Cir. 1994) ("Only those municipal officers who have final policymaking authority may by their actions subject the government to § 1983 liability."). "State and local positive law determine whether a particular official has final policymaker authority for § 1983 purposes." Cooper, 403 F.3d at 1221.

The discussion of these principles in Church v. City of Huntsville is helpful. In Church, the Eleventh Circuit explained: "[M]unicipal liability may be based upon (1) an action taken or policy made by an official responsible for making final policy in that area of the city's business; or (2) a practice or custom that is so pervasive, as to be the functional equivalent of a policy adopted by the final policymaker." Church, 30 F.3d at 1343. To establish the existence of a practice or custom under the second prong, "it is generally necessary to show a persistent and wide-spread practice." Id. at 1345. Section 1983 only "imposes liability on a government that, under color of some official policy, 'causes' an employee to violate another's constitutional rights." Monell, 436 U.S. at 692. Put differently, the governmental policy or custom must be the moving force behind the constitutional deprivation. Farred v. Hicks, 915 F.2d 1530, 1532-33 (11th Cir. 1990).

Liberally construing Plaintiff's complaint, Lietzke appears to allege that Mayor Bright and Chief Baylor "have permitted a custom and policy of harassment against [him]." Am. Compl. (Doc. #9) at ¶ 21. While Plaintiff has set forth a series of incidents involving Montgomery police officers, Plaintiff has failed to allege any facts showing that

Mayor Bright and Chief Baylor deliberately chose to harass Plaintiff. Moreover, the language of § 1983 plainly requires an affirmative causal connection between the actions taken by the defendant and the constitutional deprivation. Swint v. City of Wadley, Ala., 51 F.3d 988, 999 (11th Cir. 1995). Lietzke also fails to allege any facts in his Complaint, as amended, which indicate a causal connection between Mayor Bright and/or Chief Baylor and the acts of the individual police officers. Because Lietzke's allegations concern the acts of unidentified individual police officers, it is inconceivable that the City of Montgomery could be liable to Lietzke based on these particular facts. Cf. City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986). Based on the foregoing, the Court finds that the City of Montgomery is immune from suit, and consequently, Plaintiff has failed to state a claim upon which relief can be granted. Plaintiff's claims against the City of Montgomery are due to be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii).

### C. Claims against Mayor Bright and Chief Baylor

All claims against Defendants Mayor Bright and Chief Baylor are due to be dismissed for another reason. These claims are based solely upon their status as supervisors. Under § 1983, as provided above, liability will not be imposed solely on the basis of *respondeat superior* or vicarious liability. See Monell v. Dep't of Social Serv., 436 U.S. 658, 690-92 (1978); Harris v. Ostrout, 65 F.3d 912, 917 (11th Cir. 1995); LaMarca v. Turner, 995 F.2d 1526, 1538 (11th Cir. 1993), cert. denied, 510 U.S. 1164

(1994). Supervisors, like Mayor Bright and Chief Baylor, are not wholly immune from suit under § 1983. Supervisory liability attaches only when the supervisor personally participates in the allegedly unconstitutional acts of his subordinates or where the actions of the supervising official bear a causal relationship to the alleged constitutional deprivation. Gonzalez v. Reno, 325 F.3d 1228, 1234 (11th Cir. 2003). "The causal connection can be established when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so. The deprivations that constitute widespread abuse sufficient to notify the supervising official must be obvious, flagrant, rampant, and of continued duration, rather than isolated occurrences." Braddy v. Fla. Dep't of Labor & Employment Sec., 133 F.3d 797, 802 (11th Cir. 1998) (quoting Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)).

In this case, Plaintiff's Complaint fails to allege that Mayor Bright and Chief Baylor personally participated in the incidents alleged. Plaintiff's Complaint also fails to show that their actions bear a causal relationship to the incidents. Plaintiff's alleged deprivations occurred over a two-year period with over a year between the first (occurring in October 2005) and second (occurring in December 2006) incidents. This lengthy gap in time suggests that the first and second incidents were isolated occurrences. While the second incident was closer in time to the remaining two other incidents (occurring in December 2006 and January 2007), "[a] few isolated instances of harassment will not suffice," Braddy, 133 F.3d at 802, to constitute a history of widespread abuse sufficient to

notify Mayor Bright and Chief Baylor.  Compare Clark v. Evans, 840 F.2d 876, 885 (11th Cir. 1988) (per curiam) ("[I]t is clear that four cases [alleging a prison policy of disregarding committal orders by state court judges] in four years would have been insufficient to put Evans [commissioner of the Department of Corrections] on notice, especially since the record is clear that such matters were handled at lower administrative levels and would not have come to the attention of Evans.") with Holland v. Connors, 491 F.2d 539, 541 (5th Cir. 1974) (per curiam) (vacating and remanding for factual development the district court's dismissal of a prisoner's section 1983 complaint alleging that the prison superintendent "was legally responsible for these acts of his subordinates, despite the fact that the Superintendent was not present during the illegal questioning, because such practices were so widespread and had been standard procedure at the institution for so long that he was or must have been aware of them.").  Thus, the Complaint fails to set forth any facts suggesting that Mayor Bright and Chief Baylor had notice of the alleged constitutional deprivations.  For these reasons, Plaintiff's claims against Mayor Bright and Chief Baylor are due to be dismissed.

    D.    **State Law Claims Against All Defendants**

To the extent Lietzke's allegations may be construed as state law claims, his contentions are due to be dismissed.  If the federal claims over which the court has original jurisdiction are dismissed, the court may decline to exercise jurisdiction over state law claims.  See 28 U.S.C. § 1367(c)(3); McCulloch v. PNC Bank, Inc., 298 F.3d

1217, 1227 (11th Cir. 2002). In view of this Court's determination that the federal claims presented in Lietzke's Complaint should be dismissed, the Court concludes that his supplemental state law claims are also due to be dismissed. Id.

## III.  CONCLUSION

Accordingly, for the reasons discussed above, it is the RECOMMENDATION of the Magistrate Judge that Lietzke's federal law claims be DISMISSED *sua sponte* without prejudice. Having recommended the dismissal of the federal claims, the Magistrate Judge further RECOMMENDS that the Court DECLINE to exercise supplemental jurisdiction over the state law claims. It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation **on or before May 14, 2007**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. Nettles v. Wainwright, 677 F.2d 404 (5th

Cir. 1982). See Stein v. Reynolds Securities, Inc., 667 F.2d 33 (11th Cir. 1982). See also Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

    DONE this the 1st day of May, 2007.

                                        /s/ Wallace Capel, Jr.
                                        WALLACE CAPEL, JR.
                                        UNITED STATES MAGISTRATE JUDGE